UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 29, 2018

LETTER TO COUNSEL

      RE:   *Denise Marie Allgeier v. Commissioner, Social Security Administration*;
             Civil No. SAG-17-615

Dear Counsel:

      On March 3, 2017, Plaintiff Denise Marie Allgeier petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 17, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

      Ms. Allgeier protectively filed her claims for benefits in October, 2013, originally alleging a disability onset date of August 1, 2012.[1] (Tr. 196-208). Her claims were denied initially and on reconsideration. (Tr. 72-95, 98-124). A hearing was held on August 19, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 35-71). Following the hearing, on October 7, 2015, the ALJ determined that Ms. Allgeier was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-34). The Appeals Council denied Ms. Allgeier's request for further review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Allgeier suffered from the severe impairments of "Degenerative Disc Disease, Bipolar Disorder, Depression, Anxiety Disorder, Obesity, and Right Patellofemoral Pain Syndrome (Right Knee)." (Tr. 20). Despite these impairments, the ALJ determined that Ms. Allgeier retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; stand or walk (with normal breaks) for a total of about 6 of 8 hours, and sit (with normal breaks) for a total of about 6 of 8 hours; she must be able to

---

[1] Ms. Allgeier later amended her alleged onset date to April 8, 2013. (Tr. 195). That amendment has no bearing on the outcome of this appeal.

      alternate between sitting and standing in place every 1/2 hour; she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, and crouch, but never kneel or crawl; she must avoid all exposure to hazards, including dangerous machinery and heights; and she can perform unskilled (SVP 2) work in a non-production oriented work setting with no interaction with the public, and no more than occasional interaction with co-workers and supervisors.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Allgeier could not perform her past relevant work as a Warehouse Worker/Picker, but that she could perform other jobs existing in significant numbers in the national economy. (Tr. 28-29). Accordingly, the ALJ found that Ms. Allgeier was not disabled. (Tr. 29-30).

      Ms. Allgeier's sole argument on appeal is that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).[2] Pl. Mot. 7-8. I disagree. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq*. pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

      Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the

---

[2] Ms. Allgeier also argues that the ALJ failed to provide the VE with a sufficient hypothetical. Specifically, Ms. Allgeier contends that the ALJ's "fail[ure] to address Allgeier's inability to remain on task during an eight hour work day" in the hypothetical questions asked of the vocational expert rendered the VE's opinion deficient. Pl. Mot. 7-8. However, as noted below, the ALJ provided adequate limitations addressing Ms. Allgeier's issues in concentration, persistence, or pace in the RFC assessment, and included those limitations in the hypothetical to the VE. (Tr. 68-69). Therefore, remand is unwarranted on this basis.

degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Even so, the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id*.

In the instant case, the ALJ found Ms. Allgeier to have moderate difficulties maintaining concentration, persistence, or pace. (Tr. 22). In making this finding, and elsewhere in the opinion, the ALJ cited Ms. Allgeier's activities of daily living to support the assessment. (Tr. 22, 25-26). Additionally, unlike in *Mascio*, the ALJ imposed a limitation in the RFC assessment specifically designed to address Ms. Allgeier's moderate difficulties with concentration, persistence, or pace (along with the moderate difficulties with social functioning). Specifically, the ALJ noted that "[Ms. Allgeier] can perform unskilled (SVP 2) work in a non-production oriented work setting with no interaction with the public, and no more than occasional interaction with co-workers and supervisors." (Tr. 23). The limitation excluding production pace or production-oriented work, particularly when combined with social limitations to minimize distraction, has repeatedly been found by this Court and others to satisfy the requirements of *Mascio* with respect to concentration, persistence, or pace. *See, e.g.*, *Oswald v. Colvin*, Civil No. TMD-15-721, 2016 WL 4077717, at *9 (D. Md. Aug. 1, 2016) (upholding a limitation to "nonproduction job tasks" to account for moderate difficulties in concentration, persistence, or pace); *Russo v. Astrue,* 421 F. App'x 184, 192 (3d Cir. 2011) (finding that such moderate difficulties were addressed by a hypothetical question including the restriction that the individual "would not have a quota to fulfill"); *Seamon v. Astrue,* 364 F. App'x 243, 248 (7th Cir. 2010) (approving restriction to "no high production goals" to address such moderate difficulties); *Linares v. Colvin,* Civil No. 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C.

July 17, 2015) (upholding a combination of "nonproduction pace" and restriction to a "stable work environment with only occasional public contact" to address a moderate limitation in concentration, persistence, or pace); *Bryan-Tharpe v. Colvin,* Civil No. 1:15CV00272, 2016 WL 4079532 (M.D.N.C. July 29, 2016) (conducting extensive review of case law undergirding *Mascio* and determining that a restriction to a "nonproduction environment" was sufficient to address a moderate limitation in concentration, persistence, or pace). Thus, in light of the appropriate restrictions included by the ALJ in Ms. Allgeier's RFC assessment to address her limitations, remand under *Mascio* is unwarranted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [ECF No. 17] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 19] is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge